## Varney v. Commonwealth.

(Decided January 18, 1924.)

### Appeal from Pike Circuit Court.

Criminal Law—No Relief to One Given Maximum Penalty After Pleading Guilty.—Relief can not be given one receiving the maximum penalty, a fine of $100.00, when pleading guilty to driving an automobile upon a public highway at a dangerous and reckless rate of speed in violation of Kentucky Statutes, section 2739g-51.

WILLIS STATON for appellant.

THOS. B. McGREGOR, Attorney General, and LILBURN PHELPS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

Appellant was indicted for driving an automobile upon the public highway at a dangerous and reckless rate of speed, in violation of section 2739g-51, Kentucky Statutes. He entered a plea of guilty and was given the maximum penalty, a fine of $100.00. He thereupon filed a motion for a new trial, and in support of same filed his affidavit in which he admits the court and Commonwealth's attorney treated him "kindly and right," but charges that the jury, by imposing the maximum penalty, manifested passion and prejudice against him, since it was

customary upon a plea of guilty for juries, with the approval of the court and prosecuting attorney, to assess only the minimum fine, or "at least a reasonable one;" that the verdict was a great surprise to him, and ought to be set aside as excessive and due to passion or prejudice in the minds of the jurors.

His counsel admits "that under the technical rules of law" he was not entitled to a new trial, but suggests that "under the circumstances it should be granted as a matter of right." Just how the suggestion can be squared with the admission is not disclosed by counsel, nor does it occur to us. Upon the other hand, it must be obvious to everyone that this court has no power to relieve a defendant, who has voluntarily and without promise of any kind, pleaded guilty of an infraction of a penal statute, from the penalty inflicted by the jury in the exercise of its discretion within the limits prescribed therefor.

Defendant's only plea, a plea for mercy within the jury's power to grant it and based solely upon the fact he confessed his guilt, was of necessity addressed to that body, and also of necessity is concluded by its decision, so far as the courts are concerned.

Judgment affirmed.